UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

ABDIMUTAL KHAKIM UGLI
YUSUPOV,

      Petitioner,

v.                                                                  No. 6:26-CV-168-H

WARDEN EDEN DETENTION
CENTER, et al.,

      Respondents.

## ORDER

The Fifth Circuit held recently that aliens who are present in the United States without previously being admitted by immigration authorities—also known as "applicants for admission"—must be detained under the INA. *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026). Abdimutal Khakim Ugli Yusupov, a native and citizen of Uzbekistan, is one such alien, having illegally entered the United States over two years ago. His habeas petition, filed after the Fifth Circuit's decision in *Buenrostro-Mendez*, demands his immediate release based on the Fifth Amendment's Due Process Clause. Dkt. No. 1.

*Buenrostro-Mendez* does not foreclose Yusupov's due process claim. But neither the substantive nor procedural veins of due process merit his release. Due process is a contextual concept, and in the context of alien removal, it is a limited one. Congress determined that aliens like Yusupov are not entitled to release, but they are permitted to remain in U.S. custody and fight to remain here. That is more than sufficient process so far as the Due Process Clause is concerned. Therefore, the petition (Dkt. No. 1) is denied.

## 1.    Background

In 2023, Yusupov illegally entered the United States near Tecate, California. Dkt. No. 1 ¶ 2. He was arrested by immigration officials, placed into removal proceedings with a Notice to Appear, and released on his own recognizance. *Id.* ¶ 3. The NTA charged him with removability as an alien "present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General." Dkt. No. 5 at 2; *see* 8 U.S.C. § 1182(a)(6)(A)(i). Two months ago, however, Yusupov was apprehended by law enforcement at a weigh station while working as a commercial truck driver. Dkt. No. 1 ¶ 5.

Yusupov is held without bond. *Id.* ¶ 6.[1] That is because the Board of Immigration Appeals' opinion in *Matter of Yajure Hurtado* holds that aliens present in the United States without admission must be detained without bond under Section 1225(b)(2)(A) of the INA for the duration of their removal proceedings. 29 I. & N. Dec. 216, 220 (BIA 2025). Yusupov filed a petition for a writ of habeas corpus, alleging that his detention without bond violates his Fifth Amendment right to due process of law. Dkt. No. 1 ¶¶ 44–47.

## 2.    Legal Standard

"[A]bsent suspension, the writ of habeas corpus remains available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. art. I, § 9, cl. 2). With 28 U.S.C. § 2241, Congress authorized federal courts to

---

[1] At the time of the petition's filing, Yusupov was detained at Eden Detention Center in Eden, Texas. Dkt. No. 1 ¶ 11. ICE's Online Detainee Locator System indicates that he has since been transferred to Diamondback Correctional Center in Watonga, Oklahoma. However, "[p]ersonal jurisdiction and venue are determined at the outset of litigation and are not affected by subsequent events." *Smilde v. Snow*, 73 F. App'x 24, 26 (5th Cir. 2003); *see also Moler v. Wells*, 18 F.4th 162, 166 n.7 (5th Cir. 2021). Thus, the Court retains jurisdiction over Yusupov's petition.

resolve habeas petitions, including in immigration-detention cases. *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001). Habeas exists solely to "grant relief from unlawful imprisonment or custody." *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976). Thus, for the writ to issue, the petitioner must be "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995). A court considering a habeas petition must "determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243.

## 3.    Analysis

As noted above, Yusupov challenges his detention on due process grounds. Dkt. No. 1 ¶¶ 44–47. He invokes both procedural and substantive due process in the petition. *See id.* ¶¶ 7–8, 28–31. The Court has considered whether the Due Process Clause entitles illegal aliens to release in numerous prior cases.[2] Even so, the Court considers the arguments raised in Yusupov's petition to address whether he is entitled to release. The answer is no.

### A.    The Fifth Amendment does not require the government to release Yusupov.

#### i.    Procedural Due Process

Yusupov argues—without supporting citation—that his time at liberty in the United States following his illegal entry "created a liberty interest in being free from detention" and "in residing in the United States." *Id.* ¶¶ 8, 27, 29. But he is not entitled to relief. As an "applicant for admission," Yusupov has "only those rights regarding admission that

---

[2] *Higareda-Cano v. Noem*, No. 1:25-CV-225, 2026 WL 274495 (N.D. Tex. Jan. 30, 2026); *Goyo Martinez*, 2026 WL 114418; *Garibay-Robledo*, 814 F. Supp. 3d at 754; *Gomez Hernandez v. Lyons*, No. 1:25-CV-216, 2026 WL 31775 (N.D. Tex. Jan. 6, 2026); *Zuniga v. Lyons*, 814 F. Supp. 3d 685 (N.D. Tex. 2025).

Congress has provided by statute." *DHS v. Thuraissigiam*, 591 U.S. 103, 140 (2020); *see Landon v. Plasencia*, 459 U.S. 21, 32 (1982) ("This Court has long held that an alien seeking initial admission to the United States requests a privilege and has no constitutional rights regarding his application, for the power to admit or exclude aliens is a sovereign prerogative."). With Section 1225, Congress set the procedural rights afforded to aliens who are present in the United States without admission. "Read most naturally," Section 1225(b)(2)(A) "mandate[s] detention of applicants for admission until certain proceedings have concluded." *Jennings*, 583 U.S. at 297. Accordingly, Yusupov is not entitled to release.

Despite this, Yusupov's claim relies instead on the three-factor balancing test from *Mathews v. Eldridge*, 424 U.S. 319 (1976). *See* Dkt. No. 1 ¶¶ 31–37. The *Mathews* test, while common, is not the only tool for resolving procedural due process challenges. The Supreme Court said as much: "[W]e have never viewed *Mathews* as announcing an all embracing test for deciding due process claims." *Dusenbery v. United States*, 534 U.S. 161, 168 (2002). In fact, the "Supreme Court when confronted with constitutional challenges to immigration detention has not resolved them through express application of *Mathews*." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206 (9th Cir. 2022).

The application of *Mathews* to Section 1226 cases "is unwarranted on the test's own terms." *Ladak v. Noem*, 814 F. Supp. 3d. 712, 725 (N.D. Tex. 2025). The Supreme Court applied *Mathews* in *Landon v. Plasencia*, emphasizing that is balancing test was appropriate for "long-time lawful permanent resident[s]" in contrast to "detentions of aliens at the border or returning lawful permanent residents who had spent time abroad." *Id.* (citing 459 U.S. at 32–34). Aliens in the former category have "gain[ed] admission to our country and

-4-

[have begun] to develop the ties that go with permanent residence," meriting a level of due process more analogous to that of a citizen. *Landon*, 459 U.S. at 32. In the latter category, aliens "request[] a privilege and [have] no constitutional rights." *Id.*; *Thuraissigiam*, 591 U.S. at 138–39 ("Whatever the procedure authorized by Congress is, it is due process as far as an alien denied entry is concerned.") (quotation omitted). Critically, aliens who are released into the United States pending removal "are treated for due process purposes as if stopped at the border." *Thuraissigiam*, 591 U.S. at 139 (internal quotation marks omitted); *see* 8 U.S.C. § 1182(d)(5)(A) (noting that paroled aliens are not admitted and are "dealt with in the same manner as that of any other applicant for admission to the United States"); 8 C.F.R. § 1.2 (same).

Here, Yusupov illegally entered the United States three years ago. He remains in the United States without admission. Therefore, he is entitled to nothing more than the "limited form of process" that is offered by the respondents under their current deportation policy. *Ladak*, 814 F. Supp. 3d. at 726. With Section 1225, Congress set the procedural rights afforded aliens who are present in the United States without admission. "Read most naturally," Section 1225(b)(2)(A) "mandate[s] detention of applicants for admission until certain proceedings have concluded." *Jennings v. Rodriguez*, 583 U.S. 281, 297 (2018). No part of the statute "says anything whatsoever about bond hearings." *Id.* Accordingly, Yusupov is not entitled to release as a matter of procedural due process.

4.    **Conclusion**

In short, Yusupov, as an "applicant for admission," is properly detained without bond under Section 1225(b)(2)(A). *Buenrostro-Mendez*, 166 F.4th at 498. The Fifth

– 5 –

– 6 –

Amendment does not require his release in these circumstances.  Thus, the petition for a writ of habeas corpus (Dkt. No. 1) is denied.

So ordered on June 15, 2026.

_____
JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE